IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:14-CR-104-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| DARRELL TRAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his wife. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a one-count indictment on 12 November 2014 with possession of a firearm by a felon on 15 May 2014 in violation of 18 U.S.C. §§ 922(g) and 924. The evidence presented at the hearing showed that the charges arise from a search of the business defendant then owned and operated in Wilmington, North Carolina. The search was prompted by an anonymous tip that defendant, who had previously been convicted on 26 July 2012 of

felonious assault by strangulation of his then girlfriend on 16 February 2012, was storing firearms in a hidden room in the back of his store, and on occasion was firing the firearms in the business. Consistent with the tip, the police located a shotgun, rifle, and handgun in a room in the back of the business, which was hidden in the sense that the door to the room was made to look like a door to a refrigerator. The handgun had the serial number obliterated. The room contained a bed and appeared from the items in it (*e.g.*, defendant's clothes, hygiene items) to be a bedroom used by defendant. The police found spent casings in the main area of the business, again, consistent with the tip that defendant was firing the guns at that location. At the time of the search, defendant was not only a prohibited person with respect to firearms by virtue of his felony conviction, but was on probation for the felony conviction, the terms of which prohibited him from possessing firearms, and was also subject to a protective order, issued on 13 February 2013, which also prohibited him from possessing firearms.

In a post-arrest statement, defendant admitted to ownership of the property in the hidden room other than the firearms, which he claimed belonged to one of his employees (identified at the hearing as the anonymous tipster). But employees reported to the police that defendant was the only person living at the business, that he owned the guns, and that they had seen him shooting them inside the business. The tipster also told police that he saw defendant buy two of the firearms.

Defendant's wife met defendant over the internet around 25 August 2014. Defendant moved to Raleigh in that month. Defendant and his wife married on 3 October 2014. They reside with the wife's 6-year-old daughter from a prior marriage. Defendant owns and operates an appliance refurbishing business in Raleigh. Defendant's wife works as a secretary at the Federal Correctional Institution-Butner.

**Discussion**

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including defendant's being subject to three separate legal prohibitions against firearm possession at the time of the alleged offense, defendant's discharge of the firearms on occasion within the building, the multiplicity of the firearms at issue, and the relative recency of the alleged offense; defendant's criminal record, including the felony assault by strangulation conviction, the related two misdemeanor convictions (for assault on a female and communicating threats), a 1998 misdemeanor stalking conviction (when defendant, now 34, was 17 years of age), and one additional misdemeanor conviction (for reckless driving to endanger in 2005); the danger of continued firearm possession by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to defendant's wife's location at her place of employment during the day for fulltime employment (significantly impeding her ability to supervise potential gun possession by defendant at his place of business, defendant having used his prior business as a location for secreting, firearms), the presence of a minor in the home, and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, including defendant's having moved from the city where the alleged offense occurred; his being married subsequent to the alleged offense, signifying a major life change; his lack of an extensive criminal record; the absence of any drug abuse by defendant; and the lack of association of defendant's firearm possession with other criminal activity (*e.g.*, there is no evidence of drug trafficking, armed robbery). The court

finds, however, that the brazen violation by defendant of multiple prohibitions against firearm possession that underlies the charged offense, including its occurrence within the past six months and involving the seemingly reckless discharge of the firearms inside a business, and the other considerations reviewed above and discussed at the hearing outweigh the mitigating factors.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 4th day of December 2014.

_____
James E. Gates
United States Magistrate Judge