IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CR-104-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| DARRELL TRAVIS, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on defendant's motion to dismiss count one of the indictment for failure to state an offense (DE 25). The government responded in opposition. In this posture, the issues raised are ripe for ruling. For the reasons that follow defendant's motion is denied.

## BACKGROUND

On November 12, 2014, the government filed a one-count indictment charging defendant with possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count one). On May 12, 2015, the government filed a superseding two-count indictment which again charges defendant in count one with possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count one), and charges defendant in count two with possessing of a firearm and ammunition while under domestic restraining order, in violation of 18 U.S.C. § 922(g)(8) and 924 (count two).

Defendant moves to dismiss count one of the indictment on the basis that he has no prior conviction for which he could have received a term of imprisonment exceeding one year. Defendant notes that he has one prior conviction for assault by strangulation, in violation of N.C. Gen. Stat. § 14-32.4(b), which occurred on July 26, 2012. That judgment, which is attached to the government's response to the motion to dismiss, establishes that the offense is a Class H felony, and ascribes to defendant a level I prior record.

As evident from the face of the judgment, the court made no written findings because the prison term imposed was within the presumptive range of sentences authorized by statute. The court ordered to be imprisoned for a minimum term of six months and a maximum term of 17 months in the custody of the North Carolina Division of Adult Correction. The court suspended execution of the sentence and placed defendant on 24 months of supervised probation.

Defendant argues that his prior convictions do not count as crimes punishable by more than one year of imprisonment because the North Carolina structured sentencing statute, as amended by the Justice Reinvestment Act of 2011 ("JRA"), see N.C. Sess. Laws 192, provides that nine months of his 17 month term of imprisonment must be served as a period of "post-release supervision." N.C. Gen. Stat. § 15A-1368.2(a). As such, defendant argues, his prior offenses were punishable, at most, by eight months of imprisonment. Accordingly, defendant seeks this court to dismiss count one of the indictment that charges felon in possession of a firearm.

## DISCUSSION

A.   Standard of Review

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12. At any time before trial, a defendant can raise a motion asserting "a defect in the indictment or information, including: . . . failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B).

B.   Analysis

For the reasons set forth in the court's June 25, 2015, order in the case United States v. Bunn, No. 5:14-CR-272-FL, 2015 WL 3891367 (E.D.N.C. Jun. 24, 2015), the court finds the argument raised in support of dismissal of count one of the indictment to be without merit. Because defendant was previously convicted for an offense punishable by imprisonment for a term exceeding one year, particularly an offense punishable by up to 17 months imprisonment, he has failed to establish a basis for dismissal of count one of the indictment. Therefore, defendant's motion to dismiss count one must be denied.

## CONCLUSION

Based on the foregoing, the court DENIES defendant's motion to dismiss count one of the indictment. The clerk shall set arraignment for the next available term of court, no sooner than 45 days from the date of this order.

SO ORDERED, this the 29th day of June, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge